IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE PEELE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **PHILADELPHIA PRISON SYSTEM,** | : | **No. 12-4877** |
| **C.F.C.F.; WARDEN DELANEY** | : | |
| | : | |
| | : | |
| **NORMA L. SHAPIRO, J.** | | **April 8, 2015** |

## MEMORANDUM

Defendant Philadelphia Prison System has moved to dismiss plaintiff's complaint. Plaintiff alleges that during his incarceration within the Philadelphia Prison System he was housed in overcrowded cells. Plaintiff also makes claims related to several alleged incidents occurring during his incarceration. The court granted plaintiff's motion to proceed *in forma pauperis*. Counsel for the Philadelphia Prison System filed a motion to dismiss, deemed moot by the filing of an amended motion to dismiss. Plaintiff filed a joint "motion for a jury trial" and "memorandum of law in opposition to defendant(s) motion to dismiss."[1]

By order of November 19, 2014, all outstanding motions were stayed pending settlement discussions. A settlement conference was held and plaintiff declined the settlement offer. On January 20, 2015, the court lifted its stay of all outstanding motions, added Warden Delaney as a defendant to the caption of the complaint, ordered summons issued, and directed service of the summons and the complaint made on Warden Delaney by the U.S. Marshal.

**I.    BACKGROUND**

Plaintiff Tyrone Peele ("Peele") filed a complaint stating claims against the Philadelphia

---

[1] Peele requested an extension of time to respond to defendant's amended motion to dismiss. The court granted him an extension. Peele filed his response within the time granted.

Prison System and Warden Delaney.[2]  Peele alleges that during his incarceration in the Philadelphia Prison System he was placed in a three man cell (a two person cell with a plastic boat on the floor for a third inmate).  He also alleges that he was placed in a four man cell with no window.  He alleges he contracted lice, had no light in his cell from December 24 to December 29, 2011, received inadequate medical care for a "degenerative disc disease," and was fined for a window he did not crack.

Plaintiff filed a joint "motion for a jury trial" and "memorandum of law in opposition to defendant(s) motion to dismiss."  This filing is unclear and comprised mostly of legal citations and conclusions.  It is also difficult to read the print.  In response to the Philadelphia Prison System contention that it is not a "person" under Section 1983, plaintiff states: "Warden (Delaney)...is "now"...named: (Lead-defendant): in this Civil Action No.#12-4877."  Counsel for Warden Delaney filed a separate motion to dismiss plaintiff's complaint.

## II.    DISCUSSION

Section 1983 provides a remedy for deprivation of rights established by the Constitution or federal law.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States.  *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).  A plaintiff can only bring Section 1983 claims against "persons."  *See, e.g.*, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  If a plaintiff brings suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff names the Philadelphia Prison System and Warden Delaney as defendants in this

---

[2] Warden Delaney was added to the caption of the complaint by order of January 20, 2015.

action. The Philadelphia Prison System's motion to dismiss must be granted because the Philadelphia Prison System is not a "proper party" or a "person" under Section 1983. *Jackson v. City of Erie Police Dep't*, 2014 WL 2783962, at *2 n.2 (3d Cir. 2014); *see also Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

### III.   CONCLUSION

The Philadelphia Prison System's amended motion to dismiss is granted. An appropriate order follows.