IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE PEELE, | : |
| | : |
|       Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| | : |
| JOHN DELANEY, | : NO. 12-4877 |
| | : |
|       Defendant. | : |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                  **February 2, 2017**

*Pro se* plaintiff Tyrone Peele brings this action pursuant to 42 U.S.C. § 1983. He alleges that the Philadelphia Prison System and Warden John Delaney violated his constitutional rights while he was incarcerated as a pretrial detainee at Curran-Fromhold Correctional Facility ("CFCF"). Warden John Delaney ("defendant") has filed a motion to dismiss.[1] Plaintiff has responded to defendant's motion to dismiss.

**I.  BACKGROUND**

Plaintiff claims that his constitutional rights were violated as a result of overcrowded and inhumane prison conditions at CFCF. Plaintiff asserts what is commonly referred to as a "triple celling" claim: he was placed in a three-person cell that is only fit to hold two people. Plaintiff further claims that he has since been moved from the three-person cell into an even more overcrowded four-person cell.

---

[1] The Philadelphia Prison System ("PPS") was previously dismissed from this action. (Doc. No. 36). The City of Philadelphia is not a party to this action.

1

Plaintiff also complains of other poor and unsanitary conditions at CFCF. He alleges he found lice in his hair, had no electricity in his cell for a week, received inadequate medical care, and was charged for property damage (a broken window) that he did not cause. Plaintiff seeks damages, based on all of the above allegations, for physical and emotional harm.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir.1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which she bases her claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir.1997); Sterling v. Southeastern

Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

A court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Card Service Ctr., 464 F.3d 450, 456 (3d Cir. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). Courts construe a plaintiff's allegations liberally when he or she is proceeding *pro se*. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

Defendant asserts one reason that the complaint fails to state a claim: plaintiff failed to plead any factual allegations that defendant had personal involvement in the alleged constitutional violations.

Pretrial detainees' claims regarding conditions of confinement are analyzed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. E.g., Bell v. Wolfish, 441 U.S. 520, 534 (1979); Hubbard v. Taylor, 399 F.3d 150, 166–67 (3d Cir. 2005). There are two types of situations in which conditions of confinement may be unconstitutional. A condition of confinement is unconstitutional if it is the result of an express intent to punish. Bell v. Wolfish, 441 U.S. 520, 538–39 (1979). A condition of confinement is unconstitutional also if it is not rationally related to a legitimate government purpose. Id.

A district court must look to the "totality of the conditions" of the specific prison at issue to determine whether triple celling is rationally related to the legitimate government purpose of managing an overcrowded prison. Hubbard v. Taylor, 538 F.3d 229, 233 (3d Cir. 2008). This analysis requires looking into the "size of the detainee's living space, the length of confinement, the amount of time spent in the confined area each day, and the opportunity for exercise." Id.

Plaintiff's complaint documents multiple allegations of unsanitary, unsafe, and inadequate conditions. He alleges his cell contains four men (but is only fit to hold two men) and there is no window in it. Because of how overcrowded his cell is, plaintiff is forced to sleep in a "boat."[2] In this small space, his head is situated next to the toilet, making him uncomfortably close to his cell mates when they use this toilet.

As for unsanitary conditions, plaintiff alleges he found live lice in his hair and was quarantined in his cell for 24 hours. Plaintiff also alleges that from December 24, 2011 to

---

[2] A boat is a thin plastic tray that is used as a bed when prisons are overcrowded.

4

December 29, 2011, there was no electricity in his cell, which forced him to wander throughout the cell in darkness. Plaintiff avers he has been inadequately treated for a degenerative disc disease he has and wrongly accused of breaking a window.

Construed liberally, these facts provide sufficient factual detail to survive a motion to dismiss. It is plausible that these conditions at CFCF were not rationally related to the legitimate government interest of managing an overcrowded prison. If plaintiff's allegations are true, then his complaint demonstrates a violation of plaintiff's constitutional rights under the Due Process Clause of the Fourteenth Amendment.

Under Section 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 135 S. Ct. 2042 (2015).[3] There are two ways that a supervisor may be held liable under Section 1983 for acts committed by his or her subordinates. Barkes, 766 F.3d at 316. A supervisor may be liable if they "with deliberate indifference to the consequences, established and maintained a policy, practice, or custom which directly caused [the] constitutional harm." Id. (alteration in original). A supervisor may be liable also if he or she "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." Id.

---

[3] In Barkes, the U.S. Court of Appeals for the Third Circuit reversed a district court's grant of summary judgment on a Section 1983 claim that an inmate's suicide was the result of the prison's failure to implement suicide prevention protocols. 766 F.3d at 327–28. The U.S. Supreme Court reversed because it found that there was no clearly established right of an incarcerated person to implementation of such protocols. Taylor, 135 S. Ct. at 2044–45. Nonetheless, the other established principles of Section 1983 jurisprudence espoused by the Third Circuit in Barkes were not questioned by the Supreme Court.

To establish that supervisors are liable under § 1983 for deliberate indifference to an unconstitutional policy or practice, "[t]he plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underlying violation resulted from the supervisor's failure to employ that supervisory practice or procedure." Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)); Barkes, 766 F.3d at 330. In Brown, the Third Circuit emphasized that "it is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the supervisor had done more than he or she did." Brown, 269 F.3d at 216 (citing Sample, 885 F.2d at 1118). A plaintiff must specifically identify the acts or omissions of the supervisors that show deliberate indifference, and suggest a relationship between the "identified deficiency" of a policy or custom and the injury suffered. Id.

Defendant only addresses one of the two avenues by which a plaintiff may establish supervisor liability under Section 1983: personal involvement. Viewing the complaint in a light most favorable to the plaintiff, and liberally construing his pleadings, he pleads sufficient facts to establish that defendant had personal involvement in the overcrowding. Plaintiff's allegations suggest that as the warden, *i.e.*, "the person in charge," defendant "had knowledge of and acquiesced in the" triple celling. Barkes, 766 F.3d at 316.  Plaintiff explicitly states that defendant, Warden Delaney, "has actual

6

knowledge . . . of overcrowding conditions in violation of plaintiff's right(s) [sic]." (Doc. No. 33 at 2).

Plaintiff provides more than just boilerplate allegations to establish the defendant's actual knowledge. Plaintiff specifically alleges that every day at CFCF, multiple times per day, the guards take a count of the number of inmates in the cells. (Id.) This tally is then reported from the guards, up the chain of command to the sergeant, then to the lieutenant/shift commander, and finally to the deputy or Warden Delaney. (Id.) These facts support a plausible claim that defendant had actual knowledge of and acquiesced in the triple (and sometimes quadruple) celling. See Chavarriaga v. N.J. Dep't Corr., 806 F.3d 210, 222 (3d Cir. 2015) ("A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct.").

Courts have recently denied motions to dismiss in nearly identical triple celling claims where the defendants do not dispute that there is a constitutional violation, but instead challenge only one of the two avenues for establishing supervisor liability. See, e.g., Lewis v. Nutter, Civ. A. No. 16–0528, 2016 WL 7028073 (E.D. Pa. Nov. 30, 2016) (Goldberg, J.) (denying motion to dismiss CFCF inmate's triple celling claim under Section 1983); Pichalskiy v. Nutter, Civ. A. No. 15–4704, 2016 WL 7018545 (E.D. Pa. Nov. 30, 2016) (Goldberg, J.) (same); Cain v. Nutter, Civ. A. No. 15–5524, 2016 WL 7031891 (E.D. Pa. Dec. 1, 2016) (Goldberg, J.) (same); Petty v. Nutter, Civ. A. No. 15–3420, 2016 WL 7018538 (E.D. Pa. Nov. 30, 2016) (Goldberg, J.) (same). In the above cases, like I am holding today, the plaintiff pled sufficient facts to establish supervisor

liability under Section 1983. Here, defendant does not dispute that the overcrowding or unsanitary conditions are constitutional violations.

In sum, plaintiff's complaint contains adequate information that, construed in a light most favorable to plaintiff, satisfy the elements of (1) an underlying constitutional violation, and (2) plausible supervisor liability.[4]

## IV.   CONCLUSION

For the reasons discussed above, I will deny defendant's motion to dismiss. An appropriate Order follows.

---

[4] In arriving at a decision today, I have admittedly considered allegations contained outside the plaintiff's complaint. Ordinarily, at the motion to dismiss stage, a district court may not consider matters outside the pleadings. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). "However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered 'without converting the motion [to dismiss] into one for summary judgment." Id.; Bush v. City of Phila., 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005). More specifically, this exception applies, allowing a district court to go outside the pleadings, if "critical matter raised in plaintiff's accompanying documents could be characterized . . . as an argument that one might reasonably infer the critical matter from allegations in plaintiff's complaint." Bush, 367 F. Supp. 2d at 725. Application of these exceptions is often appropriate, especially in construing *pro se* pleadings. See, e.g., Morton v. Vaughan, No. Civ. A. 93–6691, 1994 WL 172718 (E.D. Pa. May 4, 1994) ("Following the Supreme Court's admonition to construe *pro se* complaints liberally and to afford *pro se* litigants all reasonable latitude . . . we have considered materials outside of the pleadings as submitted in plaintiff's response to defendants' motion to dismiss in determining whether plaintiff's complaint adequately states any cognizable claim against defendants.") (citation omitted). In considering defendant's motion to dismiss, I have considered plaintiff's allegations as to Warden Delaney's actual knowledge, although contained in a filing separate from the original complaint. (Doc. No. 33). The critical matter raised in this document could be characterized as an argument reasonably inferable from the allegations in the complaint regarding CFCF's overcrowded population.