IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE PEELE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| WARDEN DELANEY, | : | NO. 12-4877 |
| | : | |
| Defendant. | : | |

FILED
JUN 20 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

**M E M O R A N D U M**

STENGEL, C.J.                                                June 18 , 2018

Plaintiff Tyrone Peele brings this pro se prisoner civil rights action under

42 U.S.C. § 1983 alleging that his constitutional rights were violated by Defendant John

Delaney, the warden of the Curran-Fromhold Correctional Facility (CFCF) in

Philadelphia. The defendant filed a motion for summary judgment. Because the plaintiff

has not put forth evidence that would allow a reasonable jury could find in his favor, I

will grant the defendant's motion for summary judgment.

**II.      BACKGROUND**

On October 1, 2012, Mr. Peele filed a complaint against the Philadelphia Prison

System alleging violations of his constitutional rights while he was housed at CFCF.

(Doc. No. 5.) The record in this case lends itself to only a sparse factual summary

because it unfortunately lacks any significant evidence.

1

## A. Triple-Celling

On October 11, 2012, Mr. Peele was allegedly placed in a cell with two other men, though the cell was only meant to hold two people. (Id. at 2.) He further claims that as of August 2, 2012, he was placed in a cell with *three* other men and no windows. (Id.) In the crowded cell, the plaintiff slept in a "boat" (a temporary bed, used in overcrowded prisons), which was positioned next to the toilet. (Id.)

## B. Lice

On December 15, 2011, Mr. Peele discovered that he had lice. (Id.) He states that he and his two cellmates were then quarantined to their cell, were given bleach to clean, and were retreated with medical shampoo a week later.[1] (Id.)

## C. Darkness

From December 24, 2011 through December 29, 2011, there were allegedly no working lights in Mr. Peele's cell. (Id. at 3.)

## D. Medical Condition and Treatment

Mr. Peele claims that since February 26, 2012, he has complained of "pain in [his] neck and down [his] right side." (Id.) He was x-rayed and diagnosed with "degenerative disc disease." (Id.) The prison provided him with medication, but he claims that it did not stop the pain. (Id.)

---

[1] It is unclear from the record when the three men were first treated with medical shampoo.

### *E. Improper Fine*

Mr. Peele claims that after he reported a cracked window, which he did not break, he was improperly fined $700 for it. (Id.)

## II.   PROCEDURAL HISTORY

On April 8, 2015, the late Judge Norma Shapiro dismissed the Philadelphia Prison System as a defendant, leaving only Warden Delaney. (Doc. Nos. 35, 36.) She had added Warden Delaney as a defendant months earlier, on January 20, 2015. (Doc. No. 28.)

This case was reassigned to my chambers on December 20, 2016. (Doc. No. 41.) At that time, a motion to dismiss filed by Warden Delaney was pending, along with Mr. Peele's response. (Doc. Nos. 30, 33.) On February 3, 2017, I denied the defendant's motion to dismiss. (Doc. Nos. 42, 43.) On March 16, 2017, I ordered Warden Delaney to file an answer, and he complied on March 21, 2017. (Doc. Nos. 45, 46.)

Warden Delaney filed a motion for summary judgment on October 10, 2017 (Doc. No. 53), to which the plaintiff responded on October 23, 2017 (Doc. No. 55). This motion is now ripe for decision.

## III.   LEGAL STANDARD

A court shall grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it would affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A disputed issue is "genuine" if it would allow a reasonable fact-finder to return a verdict in favor of the nonmoving party. Id. Summary judgment is appropriate when the nonmoving party fails

to provide evidence "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party seeking summary judgment must inform the court of the basis for its motion and identify the portions of the record that demonstrate "the absence of a genuine issue of material fact." Id. at 323. Relevant portions of the record include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). Alternatively, the moving party can show "that the materials cited [by the nonmoving party] do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Id.

When determining whether to grant summary judgment, a court must draw "all justifiable inferences" in favor of the nonmoving party and must conclude not whether "the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson, 477 U.S. at 252, 255.

At the motion to dismiss stage, a court is obligated to liberally construe a pro se plaintiff's complaint. However, in order for a plaintiff to move past the summary judgment stage, that plaintiff has the "formidable task" of producing evidence "such that a reasonable jury could return a verdict" in his favor. Zilich v. Lucht, 981 F.2d 694, 695–96 (3d Cir. 1992) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972); Anderson, 477 U.S.

4

242).

## IV. DISCUSSION

The defendant argues that summary judgment is proper because the plaintiff has not put forth evidence to support Warden Delaney's supervisory liability. Based on the following analysis, I agree that Mr. Peele has not produced any evidence to support his claims, and therefore, I will grant the defendant's motion.

Section 1983 imposes liability on any person who, under color of state law, deprives someone of a federal right or causes such deprivation. 42 U.S.C. § 1983; see also Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 135 S. Ct. 2042 (2015).

### A. Constitutional Violation

Mr. Peele specifies neither the constitutional provision upon which he bases his claims nor whether the allegedly unconstitutional conditions and acts occurred before or after his conviction. The Eighth Amendment's prohibition against cruel and unusual punishment would apply if the alleged events occurred after Mr. Peele's conviction. Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005). However, if the relevant events occurred preconviction, the Fourteenth Amendment's Due Process Clause would apply, because Mr. Peele would not have been "at a stage of the criminal process where [he could] be punished because [he had] not yet been convicted of anything." Id. at 166; Bell v. Wolfish, 441 U.S. 520, 535–36 (1979). A pretrial detainee's due process rights are "at least as great as the Eighth Amendment protections available to a convicted prisoner." Kost v. Kozakiewicz, 1 F.3d 176, 188 (3d Cir. 1993) (quoting City of Revere v. Mass.

5

Gen. Hosp, 493 U.S. 239, 244 (1983)); Lopez v. City of Phila., No. 13-6571, 2017 WL 2869495 *3 n.1 (E.D. Pa. Jul. 5, 2017).

The analysis of whether a supervisor may be held individually liable in a § 1983 case is the same regardless of whether the Eighth or Fourteenth Amendment applies. Compare Barkes, 766 F.3d at 316–17 (analyzing supervisory liability in an Eighth Amendment case) with Andrews v. Kenney, No. 16-1872, 2017 WL 2591931, *3–4 (E.D. Pa. June 14, 2017) (applying the same analysis in a Fourteenth Amendment case).

Given the analysis below, I find that summary judgment is proper even under the potentially more stringent Fourteenth Amendment standard.

### 1. Conditions of Confinement

Under the Due Process Clause of the Fourteenth Amendment, "[a] condition of confinement is unconstitutional if it is either 'the result of an express intent to punish' or 'if it is not rationally related to a legitimate government purpose.'" Burgos v. City of Phila., 270 F. Supp. 3d 788, 794 (E.D. Pa. Sept. 6, 2017) (citing my earlier decision in this case, Peele v. Delaney, No. 12-4788, 2017 WL 467347, *2 (E.D. Pa. Feb. 3, 2017)).

The housing of an additional inmate in a cell, in an overcrowded prison, does not automatically constitute a constitutional violation. Hubbard v. Taylor, 538 F.3d 229, 233 (3d Cir. 2008). Courts must look to the "totality of the conditions" to determine whether they violate due process. Id. Relevant considerations include "a number of factors, including the size of the detainee's living space, the length of confinement, the amount of time spent in the confined area each day, and the opportunity for exercise." Id. (quoting Ferguson v. Cape Girardeau Cty., 88 F.3d 647, 650 (8th Cir. 1996)).

6

Here, Mr. Peele fails to provide any evidence to support the allegations in his complaint- —triple-celling, week-long quarantine due to a lice infestation,[2] lack of working lights, and a $700 fine for a window he did not break. Therefore, I find that summary judgment in the defendant's favor is proper.

## 2. Inadequate Medical Care

In order for a plaintiff to defeat a motion for summary judgment based on a claim of inadequate medical care under the Fourteenth Amendment, he must provide evidence of "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). The standard for deliberate indifference is consistent with the criminal law standard for recklessness. Id.

Here, Mr. Peele claims that he suffered "pain in [his] neck and down [his] right side" due to "degenerative disc disease." (Doc. No. 5, at 3.) He was provided with medications that he claims were ineffective. (Id.) He does not provide any evidence at all to demonstrate the seriousness of his medical needs or the deliberately indifferent acts of prison officials. Because Mr. Peele's claim lacks a discernible justification and any evidence to support it, I must grant summary judgment in the defendant's favor.

## B. Supervisory Liability

Vicarious liability generally does not apply in the § 1983 context to hold government officials responsible for the conduct of subordinates. Barkes, 766 F.3d at 316

---

[2] Mr. Peele's lice-related claim appears to allege unconstitutional prison conditions, but, to the extent it is alternatively a medically related claim, my analysis below applies, and I find that he has not provided any evidence to demonstrate a serious medical need or deliberate indifference.

(citing Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012)). However, there are two narrow ways in which a supervisor may individually liable for the unconstitutional acts of subordinates. Id. First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom" that directly caused constitutional harm. Id. Second, a supervisor may be liable if "he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the unconstitutional conduct. Id.

### 1. Deliberate Indifference Theory

The Third Circuit employs a "four-part test" to determine whether a supervisor may be liable under a deliberate indifference theory:

> The plaintiff must identify a supervisory policy or practice that the supervisor failed to employ, and then prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure.

Id. (citing Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989)); see also Andrews, 2017 WL 2591931, at *3.

Pleading constructive knowledge "based on a defendant's supervisory position," without more, is not sufficient to plead "awareness of a subordinate's unconstitutional conduct." Andrews, 2017 WL 2591931, at *3. While its analysis is instructive, Andrews addressed the deliberate indifference theory at the motion to dismiss stage, rather than at summary judgment. Id. ("Because [the plaintiff] has not pleaded facts that could

8

plausibly support a finding that [the defendants] were aware that the triple-celling policy was creating an unreasonable risk of injury, let alone that they were aware of the risk and acted with deliberate indifference to that risk, the Court finds that [the plaintiff's] indifference theory fails."). It is similarly insufficient for a plaintiff to argue that a supervisor could have, but did not, prevent a constitutional injury. Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2011). "Rather, the plaintiff must identify specific acts or omissions of the supervisor that evidence deliberate indifference and persuade the court that there is a 'relationship between the "identified deficiency" and the "ultimate injury."'" Id. (quoting Sample, 885 F.3d at1118).

Here, Mr. Peele does not provide, and does not even argue the existence of, any evidence of the defendant's "acts or omissions" that could lead a jury to find in his favor. He has not provided evidence to create a genuine issue of material fact as to any of the four factors articulated by the Third Circuit, and summary judgment in the defendant's favor is proper as to supervisory liability based on a deliberate indifference theory.

## 2. Personal Participation Theory

Regarding the second option for § 1983 supervisory liability, a plaintiff can establish a defendant's personal participation by demonstrating that he or she "had knowledge of, and acquiesced in, the unconstitutional conduct of his or her subordinates." Andrews, 2017 WL 2591931, at *4 (citing Barkes, 766 F.3d at 316). Here, Mr. Peele's complaint does not even mention Warden Delaney, and he has not provided any evidence at all of Warden Delaney's knowledge of his subordinates' conduct or his control over those whose direct actions are at issue.

9

Because the plaintiff has not provided any evidence that the defendant was deliberately indifferent to, or personally participated in, the alleged activity, I find that there is no genuine issue of material fact at issue and summary judgment in the defendant's favor is proper.

An appropriate order follows.